NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 4 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD GOSZTYLA,

Plaintiff - Appellant,

v.

E. GRUENWALD, Officer,

Defendant - Appellee.

No. 25-2099

D.C. No.
2:22-cv-01725-KJM-CSK

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted July 31, 2026**

Before: WARDLAW, BADE, and JOHNSTONE, Circuit Judges.

Nevada state prisoner Richard Gosztyla appeals pro se from the district court's order granting summary judgment in favor of Officer Gruenwald in this 42 U.S.C. § 1983 action alleging First Amendment retaliation and access-to-courts claims. We have jurisdiction under 28 U.S.C. § 1291. We review a grant of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

summary judgment de novo. *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir. 2004). Viewing the evidence in the light most favorable to the nonmoving party, we determine "whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *DeFries v. Union Pac. R.R. Co.*, 104 F.4th 1091, 1104 (9th Cir. 2024). We affirm.

"[P]risoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To establish a violation of this right, an inmate must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996). Because there is no "freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.* at 351. "Actual injury" means "actual prejudice" to the prisoner's litigation, "such as the inability to meet a filing deadline or to present a claim." *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (quoting *Lewis*, 518 U.S. at 348). The district court properly granted summary judgment on Gosztyla's access-to-courts claim because he failed to raise a genuine dispute of material fact on whether Gruenwald caused an actual injury. *See Lewis*, 518 U.S. at 351.

The district court properly granted summary judgment on Gosztyla's retaliation claim because he failed to raise a genuine dispute of material fact on whether Gruenwald took an adverse action against Gosztyla based on his protected

conduct.[1] *See Moore v. Garnand*, 83 F.4th 743, 750 (9th Cir. 2023) (setting forth

elements of a retaliation claim in the prison context); *see also Pratt v. Rowland*, 65

F.3d 802, 806 (9th Cir. 1995) (explaining that an inmate has the burden of

"proving the absence of legitimate correctional goals for the conduct of which he

complains" or that the conduct was "not tailored narrowly enough to achieve such

goals" (citation modified)).

**AFFIRMED.**

---

[1] To discredit Gruenwald and create an issue of fact, Gosztyla contends that Gruenwald and other "witnesses" perjured themselves but the statements he points to, and his conclusory allegations, do not create a genuine dispute of material fact.